UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

EMILIO TATIS,

                                      Plaintiff,

            – against –

THE CITY OF NEW YORK, NEW YORK CITY
DISTRICT ATTORNEYS OFFICE, CYRUS VANCE,
JR., in his capacity as District Attorney of the County of
New York, STEVEN MORAN, Individually,

                                    Defendants.

----------------------------------------------------------------------- x

**ANSWER**

No. 20-CV-09831-KPF

        Defendants, City of New York ("City"), the New York County District Attorney's Office (sued herein as the New York City District Attorneys Office), Cyrus Vance, Jr., and Steven Moran, by their attorney, James E. Johnson, Corporation Counsel of the City of New York, as and for their Answer to the Complaint (ECF No. 1), respectfully allege as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein, and respectfully refer the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

        2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein, and respectfully refer the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that venue is proper, and respectfully refer the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint, and respectfully refer the Court to the charge of discrimination and right to sue letter cited therein for a complete and accurate statement of their contents.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff self-identifies as a "Hispanic Male," and that the New York County District Attorney's Office hired Plaintiff as a Digital Evidence Custodian and assigned to the Cybercrime and Identity Theft Bureau/High Technology Analysis Unit ("HTAU") on or about November 3, 2014, and terminated Plaintiff's probationary employment on October 17, 2019.

7.      Paragraph "7" of the Complaint contains a statement of law to which no response is required.  To the extent this paragraph is found to interpose allegations of fact, Defendants deny those allegations, except admit that Plaintiff was an employee of the City of New York, and respectfully refer the Court to the laws, by-laws, rules, and regulations of the State and City of New York for a complete and accurate statement of the powers, responsibilities, and duties of the City of New York.

8.      Deny the allegations set forth in paragraph "8" of the Complaint, and respectfully refer the Court to the laws, by-laws, rules, and regulations of the State and City of New York for a complete and accurate statement of the powers, responsibilities, and duties of the New York County District Attorney's Office.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Cyrus Vance, Jr., was and is the District Attorney of the County of New York.

10.     Deny the allegations set forth in paragraph "10" of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit that the New York County District Attorney's Office hired Plaintiff as a Digital Evidence Custodian and assigned to the Cybercrime and Identity Theft Bureau/HTAU on or about November 3, 2014

12.     Admit the allegations set forth in paragraph "12" of the Complaint.

13.     Deny the allegations set forth in paragraph "13" of the Complaint.

14.     Deny the allegations set forth in paragraph "14" of the Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Complaint.

16.     Admit the allegations set forth in paragraph "16" of the Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, except admit that from November 2, 2015, to November 20, 2015, Plaintiff attended a three-week NITRO Training Course and received a training certificate for 112 hours of network intrusion training from the U.S. Secret Service National Computer Forensics Institute, and that Plaintiff was the only member of the Cybercrime and Identity Theft Bureau/HTAU to attend the training.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint, except admit that Boris Vestrid was promoted to Senior Forensic Analyst.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, except admit that Laurence Hayes was promoted to Senior Forensic Analyst.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, except admit that from April 3, 2017, to April 7, 2017, Plaintiff attended "Malware and Memory Forensics Training with Volatility" issued by Volexity.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint, except admit that on August 15, 2018, Plaintiff, HTAU Director Steven Moran, Cybercrime and Identity Theft Bureau Chief Elizabeth Roper, and others met with District Attorney Cyrus Vance, Jr., to

discuss the creation of an Incident Response team within the Cybercrime and Identity Theft Bureau.

55.     Deny the allegations set forth in paragraph "55" of the Complaint, except admit that the proposal included collaboration between members of HTAU, including Plaintiff, and members of the New York City Police Department ("NYPD") Cybercrime Task Force assigned to the Cybercrime and Identity Theft Bureau.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint, except admit that Plaintiff and Roper engaged in several meetings discussing the proposed title and salary compensation associated with Plaintiff migrating to an Incident Response analyst role.

61.     Deny the allegations set forth in paragraph "61" of the Complaint, except admit that the salary proposed for the Incident Response analyst role was $75,000.

62.     Deny the allegations set forth in paragraph "62" of the Complaint, except admit that the proposal included collaboration between members of HTAU, including Plaintiff, and members of the NYPD Cybercrime Task Force assigned to the Cybercrime and Identity Theft Bureau.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint, except admit that Plaintiff was approved and scheduled to attend the "SANS SEC504 Incident Handling Training" from October 15 to October 20, 2018, and that the training was cancelled after a discussion with Roper in which Plaintiff stated that he refused to accept the Incident Response analyst role.

70.     Paragraph "70" of the Complaint is unintelligible as currently written.

71.     Deny the allegations set forth in paragraph "71" of the Complaint, except admit that Plaintiff and Moran engaged in several meetings discussing the proposed Incident Response analyst role.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Complaint.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Complaint.

80.     Deny the allegations set forth in paragraph "80" of the Complaint, except admit that Plaintiff did not file a complaint of discrimination.

81.     Admit the allegations set forth in paragraph "81" of the Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Complaint, except admit that on February 20, 2019, Plaintiff's office title was adjusted to Computer Forensic Analyst 2-3, and his salary was increased to $72,702, retroactive to November 3, 2018.

83.     Deny the allegations set forth in paragraph "83" of the Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Complaint.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Complaint.

91.     Deny the allegations set forth in paragraph "91" of the Complaint, and respectfully refer the Court to the emails cited therein for a complete and accurate statement of their contents.

92.     Deny the allegations set forth in paragraph "92" of the Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint, and respectfully refer the Court to the emails cited therein for a complete and accurate statement of their contents.

96.     Deny the allegations set forth in paragraph "96" of the Complaint.

97.     Admit the allegations set forth in paragraph "97" of the Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Complaint.

99.     Deny the allegations set forth in paragraph "99" of the Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Complaint.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Complaint, except admit that on April 18, 2019, Moran sent Plaintiff an email about the City's confidential Employee Assistance Program.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Complaint.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Complaint.

107.    Deny the allegations set forth in paragraph "107" of the Complaint, except admit that on June 18, 2019, Plaintiff filed a complaint with New York County District Attorney's Office's Equal Employment Opportunity ("EEO") Office against Moran, and

respectfully refer the Court to the EEO complaint cited therein for a complete and accurate statement of its contents.

108.    Deny the allegations set forth in paragraph "108" of the Complaint, except admit that on May 17, 2018, Plaintiff met with Moran.

109.    Deny the allegations set forth in paragraph "109" of the Complaint.

110.    Deny the allegations set forth in paragraph "110" of the Complaint, except admit that Plaintiff met with Moran.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Complaint.

115.    Deny the allegations set forth in paragraph "115" of the Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Complaint, except admit that on June 18, 2019, Plaintiff filed an EEO complaint against Moran, and respectfully refer the Court to the EEO complaint cited therein for a complete and accurate statement of its contents.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Complaint, except admit that EEO conducted an investigation into the charges made in Plaintiff's complaint.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Complaint, except admit that EEO concluded its investigation on or about July 10, 2019.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint.

121.    Deny the allegations set forth in paragraph "121" of the Complaint.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Complaint, except admit that EEO Officer Nitin Savur was previously assigned to the Cybercrime and Identity Theft Bureau.

123.    Deny the allegations set forth in paragraph "123" of the Complaint, except admit that Savur previously served as the Cybercrime and Identity Theft Bureau Deputy Chief.

124.    Admit the allegations set forth in paragraph "124" of the Complaint.

125.    Deny the allegations set forth in paragraph "125" of the Complaint, except admit that the charges made in Plaintiff's EEO complaint were unsubstantiated following an investigation.

126.    Deny the allegations set forth in paragraph "126" of the Complaint, except admit that the charges made in Plaintiff's EEO complaint were unsubstantiated following an investigation.

127.    Deny the allegations set forth in paragraph "127" of the Complaint, except admit that the charges of gender discrimination made in Plaintiff's EEO complaint were unsubstantiated.

128.    Deny the allegations set forth in paragraph "128" of the Complaint.

129.    Deny the allegations set forth in paragraph "128" of the Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Complaint.

131.    Deny the allegations set forth in paragraph "131" of the Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Complaint, except admit that the charges made in Plaintiff's EEO complaint were unsubstantiated following an investigation.

133.    Deny the allegations set forth in paragraph "133" of the Complaint, and respectfully refer the Court to the EEO determination cited therein for a complete and accurate statement of its contents.

134.    Deny the allegations set forth in paragraph "134" of the Complaint.

135.    Deny the allegations set forth in paragraph "135" of the Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Complaint.

138.    Admit the allegations set forth in paragraph "138" of the Complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the Complaint.

140.    Paragraph "140" of the Complaint is unintelligible as currently written.

141.    Deny the allegations set forth in paragraph "141" of the Complaint.

142.    Deny the allegations set forth in paragraph "142" of the Complaint.

143.    Admit the allegations set forth in paragraph "143" of the Complaint.

144.    Deny the allegations set forth in paragraph "144" of the Complaint, and respectfully refer the Court to the evaluation cited therein for a complete and accurate statement of its contents.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Complaint, and respectfully refer the Court to the press release cited therein for a complete and accurate statement of its contents.

146.    Deny the allegations set forth in paragraph "146" of the Complaint, except admit that Assistant District Attorney Alona Katz excluded Plaintiff's name from the press release because she believed HTAU members wanted to stay anonymous as a general policy.

147.    Admit the allegations set forth in paragraph "147" of the Complaint.

148.    Deny the allegations set forth in paragraph "148" of the Complaint.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the Complaint.

150.    Deny the allegations set forth in paragraph "150" of the Complaint.

151.    Deny the allegations set forth in paragraph "151" of the Complaint.

152.    Deny the allegations set forth in paragraph "152" of the Complaint.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the Complaint.

154.    Deny the allegations set forth in paragraph "154" of the Complaint.

155.    Deny the allegations set forth in paragraph "155" of the Complaint.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the Complaint.

157.    Admit the allegations set forth in paragraph "157" of the Complaint.

158.    Deny the allegations set forth in paragraph "158" of the Complaint, except admit that Plaintiff testified in criminal court on or about October 15, 2019.

159.    Deny the allegations set forth in paragraph "159" of the Complaint, except admit that the New York County District Attorney's Office terminated Plaintiff's probationary employment on October 17, 2019.

160.    Deny the allegations set forth in paragraph "160" of the Complaint, except admit that the New York County District Attorney's Office terminated Plaintiff's probationary employment on October 17, 2019, and respectfully refer the Court to the termination letter cited therein for a complete and accurate statement of its contents.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Complaint, and affirmatively state that the New York County District Attorney's Office terminated Plaintiff's probationary employment on October 17, 2019, prior to Plaintiff acquiring any rights that flow from permanent employment with the City of New York.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the Complaint,

163.    Deny the allegations set forth in paragraph "163" of the Complaint, except admit that Steven Moran is and was the HTAU Director.

164.    Deny the allegations set forth in paragraph "164" of the Complaint.

165.    Deny the allegations set forth in paragraph "165" of the Complaint.

166.    Deny the allegations set forth in paragraph "166" of the Complaint, except admit that on November 22, 2019, New York County District Attorney's Office posted a job vacancy announcement for the position of Cyber Response Investigator.

167.    In response to paragraph "167" of the Complaint, Defendants repeat and re-allege their responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

168.    Paragraph "168" of the Complaint contains a statement of law to which no response is required.   To the extent this paragraph is found to interpose allegations of fact, Defendants deny those allegations and respectfully refer the Court to the statute cited therein for a full and accurate statement of their contents.

169.    Deny the allegations set forth in paragraph "169" of the Complaint.

170.    Deny the allegations set forth in paragraph "170" of the Complaint.

171.    Deny the allegations set forth in paragraph "171" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

172.    Deny the allegations set forth in paragraph "172" of the Complaint.

173.    Deny the allegations set forth in paragraph "173" of the Complaint.

174.    Deny the allegations set forth in paragraph "174" of the Complaint.

175.    In response to paragraph "175" of the Complaint, Defendants repeat and re-allege their responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

176.    Paragraph "176" of the Complaint contains a statement of law to which no response is required.   To the extent this paragraph is found to interpose allegations of fact, Defendants deny those allegations and respectfully refer the Court to the statute cited therein for a full and accurate statement of their contents.

177.    Deny the allegations set forth in paragraph "177" of the Complaint.

178.    Deny the allegations set forth in paragraph "178" of the Complaint.

179.    Deny the allegations set forth in paragraph "179" of the Complaint.

180.    Deny the allegations set forth in paragraph "180" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

181.    Deny the allegations set forth in paragraph "181" of the Complaint.

182.    Deny the allegations set forth in paragraph "182" of the Complaint.

183.    Deny the allegations set forth in paragraph "183" of the Complaint.

184.    In response to paragraph "184" of the Complaint, Defendants repeat and re-allege their responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

185.    Paragraph "185" of the Complaint contains a statement of law to which no response is required.   To the extent this paragraph is found to interpose allegations of fact, Defendants deny those allegations and respectfully refer the Court to the statute cited therein for a full and accurate statement of their contents.

186.    Deny the allegations set forth in paragraph "186" of the Complaint.

187.    Deny the allegations set forth in paragraph "187" of the Complaint.

188.    Deny the allegations set forth in paragraph "188" of the Complaint.

189.    Deny the allegations set forth in paragraph "189" of the Complaint.

190.    Deny the allegations set forth in paragraph "190" of the Complaint.

191.    Deny the allegations set forth in paragraph "191" of the Complaint.

192.    Deny the allegations set forth in paragraph "192" of the Complaint.

193.    Deny the allegations set forth in paragraph "193" of the Complaint.

194.     In response to paragraph "194" of the Complaint, Defendants repeat and re-allege their responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

195.     Deny the allegations set forth in paragraph "195" of the Complaint.

196.     Deny the allegations set forth in paragraph "196" of the Complaint.

197.     Deny the allegations set forth in paragraph "197" of the Complaint.

198.     Deny the allegations set forth in paragraph "198" of the Complaint.

199.     Deny the allegations set forth in paragraph "199" of the Complaint.

200.     In response to paragraph "200" of the Complaint, Defendants repeats and re-allege their responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

201.     Paragraph "201" of the Complaint contains a statement of law to which no response is required.   To the extent this paragraph is found to interpose allegations of fact, Defendants deny those allegations and respectfully refer the Court to the statute cited therein for a full and accurate statement of their contents.

202.     Deny the allegations set forth in paragraph "202" of the Complaint.

203.     Deny the allegations set forth in paragraph "203" of the Complaint.

204.     Deny the allegations set forth in paragraph "204" of the Complaint.

205.     Deny the allegations set forth in paragraph "205" of the Complaint.

206.     Deny the allegations set forth in paragraph "206" of the Complaint.

207.     Deny the allegations set forth in paragraph "207" of the Complaint.

208.     Deny the allegations set forth in paragraph "208" of the Complaint.

209.     In response to paragraph "209" of the Complaint, Defendants repeat and re-allege their responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

210.     Paragraph "210" of the Complaint contains a statement of law to which no response is required.   To the extent this paragraph is found to interpose allegations of fact, Defendants deny those allegations and respectfully refer the Court to the statute cited therein for a full and accurate statement of their contents.

211.     Deny the allegations set forth in paragraph "211" of the Complaint.

212.     Deny the allegations set forth in paragraph "212" of the Complaint.

213.     Deny the allegations set forth in paragraph "213" of the Complaint.

214.     Deny the allegations set forth in paragraph "214" of the Complaint.

215.     Deny the allegations set forth in paragraph "215" of the Complaint.

216.     Deny the allegations set forth in paragraph "216" of the Complaint.

217.     In response to paragraph "217" of the Complaint, Defendants repeats and re-allege their responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

218.     Paragraph "218" of the Complaint contains a statement of law to which no response is required.   To the extent this paragraph is found to interpose allegations of fact, Defendants deny those allegations and respectfully refer the Court to the statute cited therein for a full and accurate statement of their contents.

219.     Deny the allegations set forth in paragraph "219" of the Complaint.

220.     Deny the allegations set forth in paragraph "220" of the Complaint.

221.     Deny the allegations set forth in paragraph "221" of the Complaint.

222.    Deny the allegations set forth in paragraph "222" of the Complaint.

223.    Deny the allegations set forth in paragraph "223" of the Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Complaint.

225.    Deny the allegations set forth in paragraph "225" of the Complaint.

226.    Deny the allegations set forth in paragraph "226" of the Complaint.

227.    Deny the allegations set forth in paragraph "227" of the Complaint.

228.    In response to paragraph "228" of the Complaint, Defendants repeat and re-allege their responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

229.    Paragraph "229" of the Complaint contains a statement of law to which no response is required.   To the extent this paragraph is found to interpose allegations of fact, Defendants deny those allegations and respectfully refer the Court to the statute cited therein for a full and accurate statement of their contents.

230.    Deny the allegations set forth in paragraph "230" of the Complaint.

231.    Deny the allegations set forth in paragraph "231" of the Complaint.

232.    Deny the allegations set forth in paragraph "232" of the Complaint.

233.    Deny the allegations set forth in paragraph "233" of the Complaint.

234.    Deny the allegations set forth in paragraph "234" of the Complaint.

235.    Deny the allegations set forth in paragraph "235" of the Complaint.

236.    Deny the allegations set forth in paragraph "236" of the Complaint.

237.    Deny the allegations set forth in paragraph "237" of the Complaint.

238.    Deny the allegations set forth in paragraph "238" of the Complaint.

239.     In response to paragraph "239" of the Complaint, Defendants repeat and re-allege their responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

240.     Paragraph "240" of the Complaint contains a statement of law to which no response is required.  To the extent this paragraph is found to interpose allegations of fact, Defendants deny those allegations and respectfully refer the Court to the statute cited therein for a full and accurate statement of their contents.

241.     Deny the allegations set forth in paragraph "241" of the Complaint.

242.     Deny the allegations set forth in paragraph "242" of the Complaint.

243.     Deny the allegations set forth in paragraph "243" of the Complaint.

244.     Deny the allegations set forth in paragraph "244" of the Complaint.

245.     Deny the allegations set forth in paragraph "245" of the Complaint.

246.     In response to paragraph "246" of the Complaint, Defendants repeat and re-allege their responses to all the preceding paragraphs of the Complaint, as if set forth fully herein.

247.     Paragraph "247" of the Complaint contains a statement of law to which no response is required.  To the extent this paragraph is found to interpose allegations of fact, Defendants deny those allegations and respectfully refer the Court to the statute cited therein for a full and accurate statement of their contents.

248.     Deny the allegations set forth in paragraph "248" of the Complaint.

249.     Deny the allegations set forth in paragraph "249" of the Complaint.

250.     Deny the allegations set forth in paragraph "250" of the Complaint.

251.     Deny the allegations set forth in paragraph "251" of the Complaint.

252.    Deny the allegations set forth in paragraph "252" of the Complaint.

253.    Deny the allegations set forth in paragraph "253" of the Complaint.

254.    Deny the allegations set forth in paragraph "254" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

255.    Deny the allegations set forth in the paragraph entitled "Prayer for Relief" of the Complaint and all of its subsections, except admit that Plaintiff purports to proceed as set forth therein.

### AS AND FOR A FIRST DEFENSE:

256.    The Complaint fails to state a cause of action upon which relief may be granted in whole or in part.

### AS AND FOR A SECOND DEFENSE:

257.    At all times relevant to the Complaint, Defendants acted reasonably, lawfully, and in good faith, without malice, in accord with the Constitution and all applicable laws, by-laws, rules, and regulations of the United States and the State and City of New York.

### AS AND FOR A THIRD DEFENSE:

258.    Defendants had legitimate, non-discriminatory and non-retaliatory business reasons for taking any of the alleged acts complained of by Plaintiff.  The actions taken would have been taken regardless of any alleged protected status or activity.

### AS AND FOR A FOURTH DEFENSE:

259.    The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A FIFTH DEFENSE:

260.    Subject to proof of discovery, the damage claims contained in the Complaint are barred, in whole or in part, by the failure to mitigate damages.

### AS AND FOR A SIXTH DEFENSE:

261.    Plaintiff's claims for punitive damages are barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

### AS AND FOR A SEVENTH DEFENSE:

262.    There is no liability under the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-107, et seq., where conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences.

**WHEREFORE**, Defendants respectfully requests that the Complaint be dismissed, that the relief sought therein be denied in all respects, that judgment be entered for Defendants, together with such other relief as the Court deems just and proper.

Dated:          New York, New York
                March 11, 2021

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
Attorney for Defendants City of New York
100 Church Street, Room 2-140
New York, New York 10007
(212) 356-0890
bfinder@law.nyc.gov

By:      /s/ _____
         Brittany Finder
         Assistant Corporation Counsel

Donna A. Canfield, Of Counsel.