# LAW OFFICE OF JOHN A. SCOLA, PLLC

90 Broad Street, Suite 1023 **Document Request 42**

NEW YORK, NY 10004
_____

TEL: 917.423-1445                                                                                      FAX: 914.302.4099

June 13, 2022

<u>**Sent via ECF**</u>
Honorable Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007

**Re: Tatis v. City of New York**
**Docket #: 1:20-cv-9831**

Dear Judge Failla,

I represent the Plaintiff in the above captioned matter. I write to the Court to respectfully request a discovery conference to compel Defendants to respond to Plaintiff's Second Set of Document Requests which were served on the Defendants on May 25, 2022 following the conclusion of the third of three depositions in this matter. The Defendants have objected to these requests stating that they were served to close to the end of discovery. The parties met and conferred on June 9, 2022.

Plaintiff conducted a deposition of a non-party employee on May 19, 2022 and individual defendant Steve Moran on May 24, 2022. Plaintiff's deposition was completed on May 25, 2022. On that same day, May 25, 2022, Plaintiff served document requests which stemmed from the testimony on the Defendants. Attached hereto as **Exhibit "A"** are Plaintiff's Second Set of Document Requests. By letter dated June 3, 2022, Defendants objected to the demands stating that because they were not served 30 days before the close of discovery, June 1, 2022, they were untimely. See **Exhibit "B."** After meeting and conferring with defense counsel, Plaintiff learned that the Defendants would not respond to the requests without Court intervention.

It is Plaintiff's position that these document requests stem directly from testimony which occurred less than thirty (30) days prior to the close of discovery. As such the requests are not untimely. The Document Requests as described below are specifically tailored to the testimony of the three (3) witnesses who testified within a week of the requests. Motions to compel are left to the court's sound discretion. See *Grand Cent. P'ship, Inc. v. Cuomo,* 166 F.3d 473, 488 (2d Cir.1999).

**<u>Document Requests 1-6</u>**

These requests seek the organizational charts of the Cybercrime Unit in which Plaintiff worked. Plaintiff is in possession of an organizational chart which was used to question Defendant Steve Moran. A copy of the organizational chart is attached hereto as **Exhibit "C."**

Plaintiff has yet to receive the transcript from the depositions, but Mr. Moran testified that the organizational chart in Plaintiff's possession is outdated and that he has personally seen more recent charts that were a better reflection of the hierarchy within the Unit. Further, Mr. Moran testified that the Unit was completely restructured in 2019 where Plaintiff was given a new more senior position. Mr. Moran further testified that he was the supervisors of many of the comparators of Plaintiff who earned more money. These updated organizational charts are important to show that Plaintiff was similarly situated to his non-Hispanic colleagues yet earned as much as $30,000 less in annual salary. The different dates of the requests should reflect the change in structure which occurred. As such Plaintiff believes we are entitled to these documents.

**Document Requests 7-12**
Plaintiff was accused of coming to work late but only before he was terminated from the District Attorney's Office. This was within weeks of a stellar performance review. He never received any discipline, write up, nor any written infraction or warning related to his alleged tardiness, but it is mentioned in correspondence between the Defendant's employees. Defendant Moran testified that he would regularly check employees time records. According to Plaintiff, DANY had a lax attitude towards tardiness as if an employee came late they would stay late to get their work done without incident. As such Plaintiff requests the time records of comparator employees.

**Document Request 13**
Many of the alleged problems that Plaintiff suffered stemmed initially from Plaintiff attempt to use his accrued vacation time in April 2019. Defendant Moran testified that these requests would be reflected in the Unit Calendar for April 2019. Plaintiff respectfully requests this calendar.

**Document Request 14**
Defendant Moran stated that he reviewed a transcript ahead of his testimony. Plaintiff seeks that transcript.

**Document Request 15-16**
Plaintiff was issued a disciplinary write up for his attempt to use sick leave by Defendant Moran within 3 hours of Moran learning that Plaintiff filed a complaint of discrimination against him. The write up was issued on June 10, 2019 for an alleged infraction which occurred two months earlier. Mr. Moran testified that he emailed his supervisor about the events two months earlier on or around the date that they occurred, but he did not get a chance to do the write up until the afternoon of June 10, 2019. Plaintiff seeks all emails sent from Defendant Moran to his boss, Elizabeth Roper on April 16, 17, 18 and 19, 2019.

**Document Request 17-21**
Plaintiff was questioned by Defense counsel related to his use of text messages and personal emails with his supervisors and employees. Plaintiff also testified that he no longer is in possession of these messages as he got a new phone. Plaintiff requests those messages from the Defendants.

**Document Requests 23-27**

Plaintiff seeks comparator pay information related to similarly situated non-Hispanic employees.

**Document Requests 28-32**

Plaintiff seeks comparator training information related to similarly situated non-Hispanic employees.

**Document Requests 33-37**

Despite having greater academic credentials to his similarly situated non-Hispanic employee, Plaintiff was paid as much as $30,000 less per year than these other employees. Plaintiff seeks the educational information of these comparators.

**Document Requests 38-41**

Plaintiff was allegedly fired for cause but never had anything short of an outstanding performance review. Plaintiff seeks the performance evaluations of similarly situated non-Hispanic employees.

**Document Request 42**

Months prior to his termination, Plaintiff was hand-picked to run an exciting new Cyber Crime position which resulted in a meeting with the District Attorney Cyrus Vance. Less than a year later Plaintiff was fired, allegedly for cause, despite his stellar performance reviews. Plaintiff has not received a discovery related to this meeting and seeks discovery related thereto.

**Document Request 43-46**

It is DANY policy to inform a respondent of a discrimination complaint to not retaliate against the complaining witness. Mr. Moran testified that he was informed not to retaliate against Plaintiff, yet the discovery produced is wholly devoid of said notification. By policy this notification should be by letter. Plaintiff seeks that letter or communication.

Plaintiff respectfully requests a conference to discuss these issues. I thank the Court for its time and consideration related to this matter.

Very truly yours,

/s/
John Scola, Esq.