

| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **JOSEPH PEPE**<br>*Senior Counsel*<br>Tel: (212) 356-3173<br>jpepe@law.nyc.gov |
|---|---|---|

June 16, 2022

**BY ECF**

Hon. Katherine Polk Failla
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007



      Re:    <u>Tatis v. City of New York, et al.</u> 1:20-cv-09831 (KPF)
               Request for Adjournment of Conference

Dear Judge Failla,

      I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent Defendants in the above-referenced matter. I write in opposition to Plaintiff's First Letter Motion to Compel Defendants to Respond to Discovery dated June 13, 2022 (ECF No. 43). Not only were Plaintiff's Second Set of Document Requests untimely, but Plaintiff's instant Letter Motion to Compel was filed after the close of discovery on June 3, 2022. For these reasons, Plaintiff's motion should be denied.

      On May 25, 2022, Plaintiff served his Second Set of Document Requests on Defendants via email. First, discovery closed in this matter on June 3, 2022 (ECF Nos. 41 & 42). As the Honorable Henry J. Pitman explained in *Joye v. PSCH, Inc.*, a long line of authority holds that demands that are served less than thirty days before the close of discovery are untimely. 2016 U.S. Dist. LEXIS 72764, *n.2 (S.D.N.Y June 3, 2016), *accord Compunnel Software Grp., Inc. v. Gupta,* 2018 U.S. Dist. LEXIS 235822, *2 (S.D.N.Y. Jan. 11, 2018). Furthermore, the instant motion to compel is also untimely, as Plaintiff waited until June 13, 2022 to file. Based on Plaintiffs failure to timely file any of these discovery requests, Defendants respectfully ask the Court to deny the instant motion and allow settlement negotiations to proceed as agreed (ECF No. 43, 45-46). Furthermore, Defendants note that Plaintiff's Second Set of Document Requests includes 46 individual demands for documents that Plaintiff claims are "specifically tailored to the testimony of the three (3) witnesses." However, Plaintiff had reason to know of and request *all of* these documents prior to any depositions being taken.

      For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to compel.

                                                              Respectfully submitted,
                                                              /s/_____
                                                              **Joseph Pepe, Esq.**
                                                             Assistant Corporation Counsel

The Court is in receipt of Plaintiff's June 13, 2022 pre-motion letter (Dkt. #44) and Defendants' above responsive letter. For substantially the reasons set forth above, Plaintiff's motion is DENIED.

On April 25, 2022, Plaintiff wrote to the Court requesting a second extension of the discovery deadlines in this case. (Dkt. #41). Plaintiff explained that additional time was necessary "to allow Defendants the time to review 3 gigabytes of electronically stored information ... and exchange said discovery so that Plaintiff can properly depose two (2) defense witnesses in this matter." (*Id.*). By endorsement dated April 26, 2022, the Court stated that it did not accept "Plaintiff's representation that his request for a second extension of the discovery deadlines is not based on any lack of care or due diligence by the parties[.]" (Dkt. #42 (internal quotation marks omitted)). The Court nonetheless granted a "final extension to allow the parties to exchange ESI and finish any remaining depositions," but warned the parties that "[n]o further extensions of the discovery deadlines will be granted under any circumstances." (*Id.*).

Plaintiff fails to explain how his current request comports with the Court's prior endorsement. Plaintiff seeks to compel responses to his May 25, 2022 supplemental document requests, but the Court did not authorize an extension of Plaintiff's time to serve such requests. As stated above, the Court granted the parties additional time to exchange certain electronic discovery and complete any outstanding depositions. Further, even assuming Plaintiff was authorized to serve additional document requests, Plaintiff has failed to explain why he waited until one week prior to the close of fact discovery to do so. Indeed, many of the requests appear to seek information that Plaintiff could have sought well before the close of discovery. Lastly, the Court notes that Plaintiff waited 10 days after discovery closed and Defendants represented that they would not produce the documents described in Plaintiff's requests to file the instant pre-motion letter. On this record, the Court finds that Plaintiff has not shown that a third extension of the discovery deadlines is warranted in this case.

By order dated June 13, 2022, the Court referred this case to Magistrate Judge James L. Cott for a settlement conference. (Dkt. #45). The Court expects that the parties will engage in settlement discussions in good faith. If the parties are unable to settle the case, they are reminded of their obligation to file a joint letter proposing next steps in this case. (*See* Dkt. #46).

The Clerk of Court is directed to terminate the motion at docket entry 44.

SO ORDERED.

Dated: June 17, 2022
       New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE